UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAWN K. WILLIAMS,

       Petitioner,

v.

MR. MARK BRADT, Superintendent of Attica Corr. Fac.,

       Respondent.

_____

REPORT
and
RECOMMENDATION

12-CV-01217V(F)

APPEARANCES:  SHAWN K. WILLIAMS, *Pro Se*
       01-B-2624
       Attica Correctional Facility
       Box 149
       Attica, New York  14011

## JURISDICTION

Petitioner commenced this action on December 7, 2012, requesting habeas relief pursuant to 28 U.S.C. § 2254.  On May 15, 2017, Honorable Lawrence J. Vilardo referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) for report and recommendation.

## BACKGROUND

Petitioner Shawn K. Williams ("Petitioner"), proceeding *pro se*, filed a petition (Dkt. 1), seeking habeas relief challenging his November 28, 2001 conviction following a felony bench trial in Monroe County Court, on a single count of Murder in the Second Degree, for which Petitioner received an indeterminate sentence of 21 years to life incarceration.  On March 19, 2004, the conviction was affirmed by the Appellate Division on direct appeal, *People v. Williams*, 773 N.Y.S.2d 696 (4th Dept. 2004), with leave to

appeal to the New York Court of Appeals ("Court of Appeals"), denied on May 30, 2004. 814 N.E.2d 480 (N.Y. 2004) (Table). Petitioner did not petition for *certiorari* in the United States Supreme Court, but on March 25, 2004, moved for leave to reargue, which was denied on June 10, 2005. 796 N.Y.S.2d 567 (4th Dept. 2005). On July 9, 2005, Petitioner moved for a writ of *error coram nobis*, which was denied by the Appellate Division, Fourth Department on October 2, 2009, 886 N.Y.S.2d 65 (4th Dept. 2009), with leave to appeal to the Court of Appeals denied on December 15, 2009. 922 N.E.2d 915 (N.Y. 2009) (Table). On April 3, 2012, Petitioner moved pursuant to N.Y. Crim. Proc. Law § 440.10 to vacate the conviction, *see* Petition Exhibits, Dkt. 1-2 at 22, which was denied by Monroe County Court on July 31, 2012, *id.* at 31-35, with leave to appeal to the Appellate Division, Fourth Department denied on October 14, 2012.[1] *Id.* at 38.

In a Decision and Order filed February 4, 2013 (Dkt. 3) ("Show Cause Order"), District Judge Charles J. Siragusa ordered Petitioner to show cause by affirmation or affidavit why the instant Petition is not time-barred under 28 U.S.C. § 2244(d)(1)-(2), specifically directing Petitioner to include in his response "specific and detailed information addressing the Court's concerns" regarding whether an equitable exception to the statute of limitations should be made as is provided according to 28 U.S.C. § 2244(d)(1)(B), (C), or (D), or based on a "credible" and "compelling" claim of actual innocence so as to establish a "gateway claim for actual innocence" to excuse the Petition's untimely filing. Show Cause Order at 7. On April 17, 2013, Petitioner filed the

---

[1] Since filing the instant Petition on December 7, 2012, Plaintiff again petitioned for a writ of *error coram nobis*, which was denied by the Appellate Division, Fourth Department on October 2, 2015, 17 N.Y.S.3d 334 (4th Dept. 2015), with leave to appeal to the Court of Appeals initially denied on February 23, 2016, 51 N.E.3d 576 (N.Y. 2016), and upon reconsideration on June 3, 2016, 61 N.E.3d 522 (N.Y. 2016).

Affirmation in Response to Court's Order to Show Cause (Dkt. 6) ("Petitioner's Response").

## **DISCUSSION**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one-year statute of limitations on an application for a writ of habeas corpus under 28 U.S.C. § 2254, which generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Other triggers for the one-year limitations period include (1) the date of the removal of any impediment to filing created by state action in violation of the Constitution or laws of the United States, 28 U.S.C. § 2244(d)(1)(B), (2) the date an asserted constitutional right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), and (3) the date any factual predicate of the presented claim could, with the exercise of due diligence, have been discovered.  28 U.S.C. § 2244(d)(1)(D).  Furthermore, any time during which a properly-filed application to the state for post-conviction relief or collateral review is pending is excluded from the one-year limitations period.  28 U.S.C. § 2244(d)(2).

In the instant case, because Petitioner did not petition for *certiorari* in the United States Supreme Court, his conviction was considered final on August 28, 2004, *i.e.*, 90 days after the Court of Appeals denied leave to appeal on May 30, 2004.  28 U.S.C. § 2244(d)(1)(A) (providing the one-year limitations period for habeas corpus petitions runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").  *See Fernandez v. Artuz*, 402 F.3d

111, 112 (2d Cir. 2005) (considering, for purposes of habeas corpus limitations period, state court conviction to be final 90 days after Court of Appeals denied leave to appeal where petitioner did not petition for *certiorari* from the Supreme Court). *See also Hizbullahankhamon v. Walker*, 255 F.3d 65, 68 (2d Cir. 2001) (acknowledging habeas petitioner's state court conviction became final on "the date on which the time to petition for *certiorari* to the Supreme Court of the United States expired." (citing *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998))). Even allowing for tolling of the limitations pending decision on Petitioner's motion to reargue his direct appeal to the Appellate Division, *i.e.*, from the filing of the motion to reargue on March 25, 2004, to the Appellate Division's denial on June 10, 2005, *People v. Williams*, 796 N.Y.S.2d 567 (4th Dept. 2005), *see Mosin v. Ebert*, 626 F.Supp.2d 280, 294 n. 4 (E.D.N.Y. 2009) (noting "courts in this circuit have treated requests for reconsideration and requests to reargue as within the tolling permitted by 28 U.S.C. § 2244(d)(2)." (citing, *inter alia*, *Knight v. Walsh*, 524 F.Supp.2d 255, 272, 275 (W.D.N.Y. 2007))), buys Petitioner, at best, only an additional 77 days, far insufficient to bring the December 7, 2012 filing of the instant petition within the statutory limit of one year of the conviction becoming final on August 28, 2004. Nor does Petitioner's filing, after the one-year limitations period has elapsed, of various motions and petitions seeking post-conviction relief reset or restart the limitations period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (holding that although the filing for state post-conviction relief during the one-year statute of limitations period under the AEDPA will trigger the tolling allowance under 28 U.S.C. § 2244(d)(2), the filing for state post-conviction relief after the one-year limitations period has expired does not reset the date from which the one-year statute of limitations runs).

Accordingly, the Petition is time-barred under 28 U.S.C. § 2244(d)(1), measuring the one-year limitations period from the date Petitioner's conviction became final.

Nor does Petitioner argue that the instant Petition is subject to one of the other three triggers for the one-year limitations period set forth under 28 U.S.C. § 244(d)(1)(B), (C), or (D); rather, Petitioner maintains the Petition's untimeliness should be excused to prevent a fundamental miscarriage of justice given that Petitioner is actually innocent of the second degree murder for which he was convicted. Petitioner's Response ¶¶ 11-15.[2] The Second Circuit has recognized that a federal habeas petitioner can overcome a procedural default through a gateway claim of actual innocence. *Rivas v. Fischer*, 687 F.3d 514, 539-41 (2d Cir. 2012) (recognizing an assertion of actual innocence is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 315 (1995))). "It is the combination of the two claims – that the petitioner is likely innocent and that his conviction was likely the result of nonharmless constitutional error – that permits a habeas court to review the petition notwithstanding procedural obstacles in order to avoid a miscarriage of justice. *Id.* at 540-41 (citing *Schlup*, 513 U.S. at 316). "To satisfy the *Schlup* standard, a claim of actual innocence must be both 'credible' and 'compelling." *Id.* at 541 (citing *House v. Bell*, 547 U.S. 518, 521 (2006)). To be "credible," the claim "must be supported to 'new reliable evidence – whether it be

---

[2] The court notes Petitioner's other arguments proffered in response to the Order to Show Cause, including due process violation based on the denial of proper legal assistance, lack of access to a law library, and the court's failure to advise Petition of the AEDPA's one-year limitation period, Petitioner's Response ¶¶ 3-8, and insufficient evidence to support the conviction, *id.* ¶¶ 9-10, although relevant to the grounds for habeas relief asserted in the Petition, are not relevant to Judge Siragusa's direction that Petitioner demonstrate either that Petitioner should not be considered time-barred under 28 U.S.C. § 2244(d)(1)(B), (C) or (D), or that Petitioner has credible and compelling evidence supporting his claim of actual innocence. Show Cause Order at 7.

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 324). To be "compelling," the petitioner must demonstrate that the claim, "'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . .'" *Id.* (quoting *House*, 547 U.S. at 538). "Thus, '[t]he petitioner [raising a gateway innocence claim] . . . is required to make a stronger showing than that needed to establish prejudice. At the same time, the showing of 'more likely than not' imposes a lower burden of proof than the 'clear and convincing' standard required under *Sawyer* [*v. Whitley*, 505 U.S. 333, 336 (1992), which applies to claims of actual innocence of the death penalty." *Id.* (quoting *Schlup*, 513 U.S. at 327 (bracketed material and ellipses in original)). In the instant case, Plaintiff has failed to make the required showing for a gateway claim of actual innocence to avoid the statutory time-bar for the Petition.

In particular, although Petitioner refers to "trust worthy eyewitness accounts" which he maintains were precluded from the trial court, Petitioner's Response ¶ 15, Petitioner fails to describe either the source or substance of such eyewitness accounts, such that it is impossible for the court to determine if the accounts show any likelihood that Petitioner is actually innocent of the second degree murder for which he was convicted. Moreover, Petitioner's assertion, *id.* ¶ 16, that he "may need to conduct discovery related to the [asserted eye]witness," such that "[a]t that time it may be possible to show a 'credible' and compelling claim of actual innocence under the new evidence standard," strongly implies Petitioner is admitting no new evidence exists but, rather, Petitioner is seeking a "fishing expedition" in hopes of attaining such evidence.

In short, Petitioner has failed to make the required credible and compelling showing so as to establish a gateway claim of actual innocence and avoid the procedural bar of the expired one-year statute of limitations under the AEDPA.

## **CONCLUSION**

Based on the foregoing, the Petition should be DISMISSED as time-barred. The Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  May 16, 2017
        Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  May 16, 2017
         Buffalo, New York